Miranda De Hostos, Juez Ponente
*949 TEXTO COMPLETO DE LA RESOLUCION
Considerado el recurso de revisión judicial, se deniega por los siguientes fundamentos.
I
El Departamento de Asuntos del Consumidor (DACO) adjudicó una querella presentada por Miguel A. Correa Ramos, en la cual resolvió que la parte recurrente La Llave Auto Sales, Inc. (La Llave) le vendió un vehículo de motor usado de marca Toyota, modelo Tercel del 1996, sin informarle previamente que el mismo había sido utilizado como vehículo de alquiler.
Conforme a la prueba que tuvo ante sí, DACO dispuso, que La Llave al ocultar dicha información actuó de forma dolosa para obtener el consentimiento para la compra del vehículo, el cual no se hubiese comprado de conocerse tal realidad. Por lo cual probadas tales circunstancias, ordenó la nulidad del contrato de compraventa.
Por estar en desacuerdo con la resolución emitida por DACO, La Llave acude ante nos alegando, en síntesis, que no procedía la nulidad del contrato de compraventa del automóvil.
II
Analicemos las normas jurídicas aplicables a la controversia.
El artículo 28.1 del Reglamento de Garantías de Vehículos de Motor de DACO, aprobado el 28 dp septiembre de 1992, según enmendado, dispone que todo vendedor de un vehículo de motor usado, está obligado a notificar por escrito al comprador que el vehículo que interesa ha sido usado como vehículo de alquiler.
Es nulo el consentimiento prestado por dolo cuando "[c]on palabras o maquinaciones insidiosas de parte de uno de los contratantes, es inducido el otro a celebrar un contrato que, sin ellas, no hubiera hecho." Art. 1221, Código Civil, 31 L.P.R.A. sec. 3408.
Nuestro más alto foro ha reconocido que la acción de omitir consciente y voluntariamente de los actos que dispone la ley, con el fin de conseguir el consentimiento de una parte para celebrar un contrato, constituye dolo. Canales v. Pan American, 112 D.P.R. 329, 340 (1982). Una vez el que reclame la existencia del dolo lo pruebe, procede la nulidad del contrato. Art. 1222, supra, 31 L.P.R.A. sec. 3409; Miranda Soto v. Mena Eró, 109 D.P.R. 473, 478 (1980).
Cónsono a los principios de derecho mencionados, surge de los autos que DACO recibió prueba que estableció que la recurrente La Llave, no le informó por escrito a la parte recurrida, que el vehículo que adquirió mediante compraventa había sido utilizado como vehículo de alquiler. Todo ello en contravención al reglamento y dirigido a obtener un consentimiento viciado de la parte recurrida para realizar el contrato, ya que ésta no lo hubiera comprado de conocer tal hecho.
III
Los dictámenes de las agencias administrativas merecen deferencia de nuestra parte a menos que se demuestre por el que las impugna, que son arbitrarios, caprichosos o no se sostengan por el expediente. Quiñones Irizarry v. San Rafael States, opinión de 30 de junio de 1997, 97 J.T.S. 109, pág. 1329; Henríquez Soto v. C.E.S., 120 D.P.R. 194, 210 (1987).
En ausencia de prueba de la parte recurrente La Llave, de que la agencia actuó de forma arbitraria o que su dictamen no se sostiene por el expediente, concluimos que la agencia actuó con corrección jurídica al emitir su resolución.
IV
Por los fundamentos que anteceden se deniega el recurso de revisión judicial solicitado.
*950 Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General